**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VERNON NEAL ALLEN,

         Petitioner-Appellant,

v.

RON WARD, Director of the
Oklahoma Department of Corrections,

         Respondent-Appellee.

No. 05-6307

(D.C. No. CIV-04-1535-M)

(W. D. Okla.)

**ORDER**

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

Petitioner shot and killed two brothers, Robert and David Martinez, on the evening of March 19, 2000. At the time of the shooting, David Martinez was living with his girlfriend, Tracie Munoz, next door to Petitioner. During the evening, Petitioner and his next-door neighbors crossed paths outdoors. Petitioner called, "Hey good-looking," over to Tracie, which upset David Martinez. Report and Recommendation, 3 (W.D. Okla., July 26, 2005). An altercation broke out between the Petitioner and the Martinez brothers, resulting in Petitioner shooting and killing them.

Petitioner, a state prisoner appearing pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Oklahoma state court of First

Degree Murder in the death of Robert Martinez (Count I) and First Degree Manslaughter in the death of David Martinez (Count II). Petitioner was sentenced to life imprisonment on Count I and a term of four years on Count II.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals, which affirmed his conviction. Petitioner then sought post-conviction relief in the state district court, alleging insufficiency of the evidence and ineffective assistance of counsel. The District Court of Oklahoma County, State of Oklahoma, vacated the conviction on Count I, Murder in the First Degree, and granted Petitioner a new trial on that count. The State of Oklahoma then appealed the district court order to the Oklahoma Court of Criminal Appeals, which vacated the district court's grant of post-conviction relief.

In this habeas action, Petitioner raises three grounds for relief: 1) the state presented insufficient evidence to support Petitioner's conviction of Count I; 2) trial counsel was ineffective for failing to request a lesser-included-offense instruction and appellate counsel was ineffective for failing to raise that issue on direct appeal; 3) trial counsel was ineffective in agreeing to the exclusion of certain evidence at trial and in failing to take remedial steps concerning a sleeping juror. The District Court for the Western District of Oklahoma, adopting the recommendation of the magistrate judge, denied the petition and did not grant Petitioner a certificate of appealability.

In Petitioner's first ground for relief, he argues that it was inconsistent for

-2-

the jury to find that he had killed the first victim, Robert Martinez, with malice aforethought but had acted in the heat of passion when he killed the second victim, David Martinez. However, the first-degree murder conviction is supported by sufficient evidence. Petitioner explained to the police that "he knew Robert Martinez had not been the brother who had kicked him on the ground, yet he fired, shooting Robert Martinez in the face and back," whereas Petitioner described his state of mind when faced with David Martinez as having "lost it" and "went crazy." Report and Recommendation, *supra*, at 11.

In Petitioner's second ground for relief, he contends that he received ineffective assistance of appellate counsel because counsel failed to raise an ineffective assistance of trial counsel claim on direct appeal. Petitioner raised this claim at the state level. Report and Recommendation, *supra*, at 12. He contends that trial counsel was ineffective for not requesting a lesser-included-offense instruction on Manslaughter by Resisting Criminal Attempt as to Count I in the death of Robert Martinez. The magistrate judge, applying the *Strickland v. Washington*, 466 U.S. 668 (1984), test, stated that "Petitioner cannot demonstrate that but for counsel's failure to request an instruction on Manslaughter by Resisting Criminal Attempt the result of the proceedings would have been different." Report and Recommendation, *supra*, at 15. The magistrate judge considered Petitioner's ineffective assistance of trial and appellate counsel claims to be "without merit." *Id*. at 18.

In his third ground for relief, Petitioner raises additional claims of ineffective assistance of trial counsel, which he also pursued in his direct appeal. He claims that trial counsel erroneously agreed to redact a portion of Petitioner's videotaped interview with police where he mentioned that he knew of the Martinez brothers' gang involvement. Petitioner also claims that trial counsel failed to take appropriate remedial steps when a juror allegedly fell asleep during trial. The magistrate judge reviewed the record as to these claims and determined that the allegations of prejudice were insufficient to meet the *Strickland* test. *Id*. at 19-20. Specifically, the jury was presented with additional evidence of the Martinez brothers' criminal activity apart from Petitioner's videotaped discussion and there was no trial record that trial counsel was ever made aware of a sleeping juror.

Petitioner now seeks from this court a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court. To grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Petitioner's brief, the magistrate judge's recommendations, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the magistrate judge in its Report and Recommendation of July 26, 2005, and the district court's orders of August 18, 2005, and September 26, 2005, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id*.

Accordingly, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge
